UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


DANIELLE ZINKOVICH,

      Petitioner,

v.                                      CASE NO. 6:05-cv-1158-Orl-19DAB

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

      Respondents.
_____

## ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a timely reply to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7).  Petitioner then filed a reply (Doc. No. 9) and a supplemental reply (Doc. No. 11).

      Petitioner alleges three claims for relief in his habeas petition:  first, that the "criminal punishment scoresheet" used for her sentencing was improperly prepared; second, that the trial court improperly sentenced her as a habitual offender because the State failed to prove that she qualified as a habitual offender; and third, that she was not given proper notice of the State's intention to seek a habitual offender sentence.

*Procedural History*

Pursuant to pleas of nolo contendere, Petitioner was adjudicated guilty of the following crimes:

> Case number 2003-CF-8390: Burglary of a dwelling and grand theft.
> Case number 2003-CF-8548: Burglary of a dwelling, possession of cocaine, and petit theft.
> Case number 2003-CF-8701: Burglary of a dwelling.
> Case number 2003-CF-8846: Burglary of a conveyance and grand theft.
> Case number 2003-CF-8848: Burglary of a conveyance and petit theft.
> Case number 2003-CF-9327: Burglary of conveyance, fraudulent use of a credit card, and petit theft.
> Case number 2003-CF-22077: Dealing in stolen property.

Petitioner was sentenced to imprisonment for a total term of fifteen years followed by probation for a term of ten years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

**Claims One, Two, and Three**

Claims one, two, and three involve issues of state law. This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the

2

Eleventh Circuit Court of Appeals in *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988), "we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures."  (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."), *cert. denied,* 434 U.S. 1020 (1978).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is `couched in terms of equal protection and due process.'"  *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

Since these claims are based exclusively on state law issues that are merely "couched in terms of equal protection and due process," they must be denied.  *Willeford*, 538 F.2d at 1198; *see also Travis v. Singletary*, 870 F. Supp. 325 (M.D. Fla. 1994) (finding that a challenge to a state habitual offender sentence was actually a claim for relief based on state law and that it did not provide a basis for federal habeas relief), *affirmed without opinion*, 89 F.3d 853 (11th Cir. 1996).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus filed by Danielle Zinkovich is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

3

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this _18th__ day of April,

2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 4/18
Counsel of Record
Danielle Zinkovich

4